JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, Email and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
Plaintiff

❑ 2   U.S. Government
Defendant

❑ 3   Federal Question
*(U.S. Government Not a Party)*

❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | **LABOR** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
Proceeding

❑ 2   Removed from
State Court

❑ 3   Remanded from
Appellate Court

❑ 4   Reinstated or
Reopened

❑ 5   Transferred from
Another District
*(specify)*

❑ 6   Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ❑ Yes    ❑ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## UNITED STATES DISTRICT COURT FOR THE
## FEDERAL DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Colleen Brown | : | SUPERIOR COURT OF NEW JERSEY |
| 8715 Belle Rive Blvd, Apt 3806 | : | BERGEN COUNTY |
| Jacksonville, FL 32256 | : | |
| Plaintiff | : | October Term 2020 |
| | : | |
| v. | : | |
| Evan Costanza | : | |
| 162 Packard Ave. | : | NO.: |
| Wyckoff, NJ 07481 | : | |
| And | : | |
| Township of Teaneck | : | JURY TRIAL DEMANDED |
| 818 Teaneck Rd. | : | |
| Teaneck, NJ 07666 | : | |
| Defendant | : | |

## COMPLAINT

## PARTIES

1.     Plaintiff, Colleen Brown, is a citizen and resident of the State of Florida, residing at the address listed in the caption of this Complaint.

2.     Upon information and belief, Defendant, Evan Costanza, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3.     Upon information and belief, Defendant, Township of Teaneck, is a local entity of the State of New Jersey, residing at the address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the parties and subject matter of this Civil Action.

5.     The Defendant, is a citizen, resident, and is domiciled in the State of New Jersey.

6.     The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7.      28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . .  citizens of different states."

8.      This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

9.      28 U.S.C. § 1391(a) (1) and (2)  states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

10.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

11.      28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

12.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Cape May County, New Jersey, which is in this federal judicial district.

13.      On or about January 30, 2019, at or about 5:30 PM, Plaintiff, was the operator of a motor vehicle, which was stopped on at or near the intersection of Degraw Avenue and Teaneck Road Teaneck, NJ 07666.

14.      At or about the same date and time, Defendant, Evan Costanza, was the operator of a motor vehicle, owned by Township of Teaneck, which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

15.     At all times relevant hereto, upon information and belief, Defendant, Evan Costanza, was operating the aforementioned Defendant, Township of Teaneck's vehicle as Defendant's servant and/or employee acting in the scope of his/her agency.

16.      At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with the Plaintiff's vehicle.

17.     The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

18.     The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

19.     As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including injuries to the back, as set forth more fully below.

## COUNT I – NEGLIGENCE
## Colleen Brown v. Evan Costanza

20.     The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

       a.     Rear-ending Plaintiff's stopped vehicle;

       b.     Operating his/her vehicle into Plaintiff's lane of travel;

       c.     Failing to maintain proper distance between vehicles;

       d.     Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

       e.     Failing to have his vehicle under proper and adequate control;

f.      Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

g.      Violation of the "assured clear distance ahead" rule;

h.      Failure to keep a proper lookout;

i.      Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

j.      Being inattentive to his/her duties as an operator of a motor vehicle;

k.      Disregarding traffic lanes, patterns, and other devices;

l.      Driving at a high rate of speed which was high and dangerous for conditions;

m.      Failing to remain continually alert while operating said vehicle;

n.      Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.      Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.      Failing to exercise ordinary care to avoid a rear-end collision;

q.      Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.      Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.      Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should

have seen, that further operation in that direction would result in a

collision;

t.      Failing to operate his/her vehicle in compliance with the applicable laws

and ordinances of the State of New Jersey pertaining to the operation and

control of motor vehicles;

21.     As a direct and consequential result of the negligent and/or careless conduct of

the Defendant, described above, Plaintiff suffered various serious and permanent personal

injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, including injuries to the back, all to Plaintiff's great loss

and detriment.

22.      As a result of these injuries, all of which are permanent in nature and all of

which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently

and may in the future suffer great anguish, sickness and agony and will continue to suffer for an

indefinite time into the future.

23.      As an additional result of the carelessness and/or negligence of defendant,

Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.      As a direct result of the negligent and/or careless conduct of the Defendant,

Plaintiff suffered damage to his/her personal property, including a motor vehicle, which Plaintiff

was operating at the time of the aforesaid motor vehicle collision; including but not limited to,

storage fees and towing, all to Plaintiff's great loss and detriment.

25.      As a further result of Plaintiff's injuries, she has in the past, is presently and may

in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further

loss and detriment.

26.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Colleen Brown, prays for judgment in her favor and against Defendant, Evan Costanza, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II – NEGLIGENT ENTRUSTMENT
### Colleen Brown v. Township of Teaneck

27.     The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

a.   Rear-ending Plaintiff's stopped vehicle;

b.   Operating his/her vehicle into Plaintiff's lane of travel;

c.   Failing to maintain proper distance between vehicles;

d.   Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

e.   Failing to have his vehicle under proper and adequate control;

f.   Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

g.   Violation of the "assured clear distance ahead" rule;

h.   Failure to keep a proper lookout;

i.   Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

j.   Being inattentive to his/her duties as an operator of a motor vehicle;

k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a high rate of speed which was high and dangerous for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a rear-end collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.   Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

28.     As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back, all to Plaintiff's great loss and detriment.

29.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30.      As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

31.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

32.      As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

33.      Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Colleen Brown, prays for judgment in her favor and against Defendant, Township of Teaneck, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III - Respondeat Superior
## Colleen Brown v. Township of Teaneck

34.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

35.     The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

     a.  Rear-ending Plaintiff's stopped vehicle;

     b.  Operating his vehicle into Plaintiff's lane of travel;

     c.  Failing to maintain proper distance between vehicles;

     d.  Operating said vehicle in a negligent manner so as to rear-end Plaintiff's vehicle;

     e.  Failing to have said vehicle under proper and adequate control;

     f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

     g.  Violation of the assured clear distance rule;

     h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j.  Being inattentive to his duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a dangerously high rate of speed for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a rear-ending collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Driving too fast for conditions;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

36.   As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the back, all to Plaintiff's great loss and detriment.

37.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

38.   As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

39.   As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

40.   As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to

and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Colleen Brown, prays for judgment in her favor and against Defendant, Township of Teaneck, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:_____s/_____
                    Marc I. Simon, Esquire

# EXHIBIT "A"

9044484184    Neurology Partners    Case 2:20-cv-14861-CCC-MF    Document 1    Filed 10/23/20    03:30:44 p.m.    10-12-2020    2/2
To:    Page 2 of 2    2020-10-05 20 36 30 (GMT)    Page 15 of 15 PageID: 15
                                                        Simon & Simon, PC  From: Kristopher Johnson

I, Dr. Mark Emas, M.D. of full age, certify that:

1. I am a duly licensed physician in the State of FL. I currently maintain an office for the practice of medicine at Emas Spine & Brain Specialists..

2. I am a treating physician for Colleen Brown with respect to injuries sustained by the patient in a motor vehicle accident that occurred on 1/30/2019. Based upon my education, training knowledge, profession expertise and the findings in my reports including the reference to the clinical objection finding, it is my opinion to a reasonable degree of medical probability that my patient, Colleen Brown sustained the following injuries, including but not limited to,C3-4 herniation, C4-5 herniation, C5-6 herniation, C6-7 herniation, confirmed by MRI. Colleen Brown has a permanent loss of a bodily function where the medical treatment expenses are in excess of $3,600. Colleen Brown has a permanent disfigurement that will have permanent residual sequelae, for the rest of the patient's lifetime. These injuries are a direct result of the above-mentioned motor vehicle accident.

3. My opinion is based upon my professional expertise including objective clinical evidence and/or medical testing performed in accordance with medical protocols pursuant to the Automobile Insurance Cost Reduction Act of 1998. Any testing referred to above is not experimental in nature or dependent entirely on a patient's subjective response.

4. It is my understanding that under New Jersey statue, a permanent injury means a body part or organ or both which has not healed to function normally and to medical probability will not heal to function normally with further medical treatment. It is with this definition in mind that I find that my patient has sustained a permanent injury.

I certify that for the foregoing medical opinion are made by me are true. I am aware that if any of the foregoing medical opinions expressed by me are willfully false, I am subject to punishment as outlined in the Automobile Cost Reduction Act.

10/12/2020
Date

_(signature)_
(Medical Records)
Signature